UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES BECK,<br><br>    Plaintiff,<br><br>v.<br><br>ESTATE OF RENATO A. FRANCH, by its co-personal representatives MANA L. FRANCH and MARIA L. FRANCH; ESTATE OF LINO RAUZI, by its personal representative, GABRIELLA RAUZI; and L.R.F. KNIFE CO. a/k/a L.R.F. KNIFEGRINDING & RENTAL CO.,<br><br>    Defendants. | CAUSE NO.: 2:17-CV-356-TLS |

**OPINION AND ORDER**

This matter is before the Court sua sponte. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On September 5, 2017, the Plaintiff James Beck filed a Complaint in this Court, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). (Compl. ¶ 8, ECF No. 4.) Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co.*,

*LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the Plaintiff has sufficiently alleged that amount in controversy exceeds $75,000. However, there are several defects in the allegations of citizenship.

First, the Complaint alleges that the Plaintiff is a "resident of Porter County, Indiana." (Compl. ¶ 1.) An individual is a citizen of the state in which he is domiciled, and residence and citizenship are not synonymous for purposes of diversity jurisdiction. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2009); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, the Plaintiff must allege his domicile on the date the Complaint was filed.

Likewise, the allegations as to the Estate of Renato A. Franch and the Estate of Lino Rauzi are insufficient. The Complaint alleges that Renato A. Franch and Lino Rauzi each "resided in the state of Illinois." (Compl. ¶¶ 2, 3.) The citizenship of an estate is governed by 28 U.S.C. § 1332(c)(2), which provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *see also Gustafson v. zumBrunnen*, 546 F.3d 398, 399 (7th Cir. 2008). Again, an individual is a citizen of the state in which he or she is domiciled. *Dakuras*, 312 F.3d at 258. Thus, the Plaintiff must allege the domicile of Renato A. Franch and the domicile of Lino Rauzi.

Finally, the allegation as to the citizenship of the corporate defendant L.R.F. Knife Co. is insufficient. (Compl. ¶ 4.) The Complaint alleges that "L R F Knife Co. a/k/a L.R.F. Knife

Grinding & Rental Co was an Illinois Company." *Id*. A corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92–93 (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities). The Plaintiff must allege the state of incorporation and the principal place of business of the corporate defendant.

Accordingly, the Court ORDERS the Plaintiff to file a supplemental jurisdictional statement on or before **July 1, 2019**, curing the deficiencies in the jurisdictional allegations set forth above.

SO ORDERED on June 17, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT